IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ARGENTA CODY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **06-388-JPG** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

Plaintiff Argenta Cody is an inmate at the Carswell Federal Medical Center in Fort Worth, Texas. Plaintiff alleges that during a transfer from the Federal Prison Camp in Greenville, Illinois, to the Federal Correctional Institution in Danbury, Connecticut, all of her personal property, valued at $1,300.00, was lost. (*See* **Docs. 1 and 11**).

Before the Court is the defendant United States of America's motion to dismiss the above-captioned federal tort claim for lack of subject matter jurisdiction. **(Doc. 17).** Plaintiff Argenta Cody has not filed a response. This Report and Recommendation is respectfully submitted to United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

## Analysis

Plaintiff Cody brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680. **(Doc. 1).** The Federal Tort Claims Act waives the Government's sovereign immunity only "under circumstances where ... a private person ... would be liable" under applicable state tort law. **28 U.S.C. § 1346(b)(1).** "[T]he statute conferring jurisdiction over

1

claims against the United States, 28 U.S.C. § 1346, gives exclusive jurisdiction to the federal courts in tort actions '[s]ubject to the provisions of chapter 171 [Tort Claims Procedure],.'" ***Parrott v. United States*, 536 F.3d 629, 634 (7th Cir. 2008).** Within chapter 171, 28 U.S.C. § 2680(c) provides for an exclusion for:

> Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or exercise or any other law enforcement officer....

**28 U.S.C. § 2680(c).** The defendant argues that the Section 2680(c) exemption deprives this Court of jurisdiction to entertain this action.

In *Ali v. Federal Bureau of Prisons*, (No. 06-9130, __ U.S. __, 128 S.Ct. 831 (January 22, 2008), the Supreme Court upheld the dismissal of a federal tort claim action brought by a federal prisoner for the loss of his personal effects by the Bureau of Prisons (specifically the Bureau's director and a warden) during the inmate's transfer between correctional facilities. The high court found that 28 U.S.C. § 2680(c) exempted literally *all* federal law enforcement officials from the Government's limited waiver of sovereign immunity under the FTCA. ***Ali*, 128 S.Ct. at 841.** As noted by the defendant, the factual scenario in *Ali* is virtually identical to the case at bar. The Court of Appeals for the Seventh Circuit has recently sanctioned the retroactive application of the Ali interpretation of Section 2680(c). ***See Parrott v. United States*, 536 F.3d 629, 635-636 (7th Cir. 2008).** Therefore, there is no doubt that *Ali* and 28 U.S.C. § 2680(c) deprive this Court of subject matter jurisdiction over this action.

2

## Recommendation

For the aforestated reasons, it is this Court's recommendation that the defendant United States of America's motion to dismiss **(Doc. 17)** be granted and this action be dismissed with prejudice, for want of subject matter jurisdiction.

**DATED: February 12, 2009**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

## Notice of Response Deadline

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **March 1, 2009**. No extensions of time will be granted.